UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20759-CR-**JORDAN**/Torres

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICARDO OLMEDO,

    Defendant.

## DEFENDANT'S MOTION TO SUPPRESS FRUITS OF ILLEGAL SEARCH AND SEIZURE WITH INCORPORATED MEMORANDUM LAW

The Defendant, Ricardo Olmedo, through undersigned counsel, and pursuant to Rule 12(B) (3) of the Federal Rules of Criminal Procedure, as well as the Fourth Amendment to the United States Constitution, respectfully requests that this Honorable Court suppress all fruits of the illegal search and seizure of the Defendant's Green Ford F-150 pickup truck. In support, the Defendant states as follows:

### FACTS IN SUPPORT

1. According to the Government, "[o]n September 12, 2007, while conducting surveillance in the vicinity of SW 114 Ct. and SW 35th Lane, a Miami-Dade Police observed a Green Ford F-150 driven by a Hispanic Male, later identified as Ricardo Olmedo, . . . park near a black Mercedes sedan . . . ." [DE1].

2. The Miami-Dade Police Officer then "observed a Hispanic Male exit the

-1-

black Mercedes with a plastic bag and enter the Ford F-150 driven by Olmedo." [DE1]. After a brief period of time, "the police officer observed the Hispanic Male exit the Ford F-150 with a different bag . . . enter the Mercedes . . . [and] depart[] the area." [DE1].

3.  Characterizing the afore-mentioned as "suspicious activity," the Miami-Dade Police Officer "contacted a marked Miami-Dade Police cruiser and requested that the Mercedes be stopped." [DE1]. The Mercedes was stopped and searched and the search led to the discovery of $20,000.00 in currency. [DE1 at 2].

4.  Thereafter, according to the Government, "[t]he Miami-Dade Police officer . . . requested that the Ford F-150 be stopped." Mr. Olmedo, who was driving the Ford F-150 was stopped, his vehicle was searched without a warrant, and without his consent, and, after a relatively time-consuming effort, two kilograms of cocaine were discovered hidden within the vehicle. [DE1 at 2].

## MEMORANDUM OF LAW

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated." U.S. CONST. Amend., IV. A party alleging an unconstitutional search under the Fourth Amendment must establish both a subjective and an objective expectation of privacy in order to succeed. *Katz v. United States*, 389 U.S. 347 (1967). The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that "the privacy expectation be one that society is prepared to recognize as reasonable." *Katz, supra; United States v. Robinson*, 62 F.3d 1325 (11th Cir. 1995). The Defendant bears the

burden of proving a legitimate expectation of privacy in the areas searched. *Rawlings v. Kentucky*, 448 U.S. 98 (1980); *United States v. Cooper*, 133 F. 3d 1394 (11th Cir. 1998).

Absent a valid consent to search or a warrant to do so, an automobile search requires both probable cause and exigent circumstances. *Chambers v. Maroney*, 399 U.S. 42 (1970; *Carroll v. United States*, 267 U.S. 132 (1925). See also, *United States v. Alexander*, 835 F.2d 1406 (11th Cir. 1988). However, the mere fact that an automobile is inherently mobile is, quite often, enough alone to establish an exigency. *Pennsylvania v. Labron*, 518 U.S. 938 (1996); *United States v. Nixon*, 918 F.2d 895 (11th Cir. 1990); *United States v. Forker*, 928 F.2d 365 (11th Cir. 1991).

Here, then, the appropriate inquiry is whether there was, at least on the limited facts set forth by the Government's case agent in the sworn criminal complaint, probable cause to first stop Mr. Olmedo as he was driving, and secondly, once the stop was effectuated, to search his vehicle. Undersigned submits that, as articulated, there was neither.

As an initial matter, therefore, it must be recognized that the Government has provided no basis **other than** that which is set forth in the Criminal Complaint filed in this matter charging Mr. Olmedo with possession with the intent to distribute 500 grams of more of cocaine. Indeed, other than an exchange of bags between Mr. Olmedo's truck and a Mercedes and a later seizure of currency from the Mercedes, nothing has been articulated to support the initial stop of Mr. Olmedo. Moreover, law enforcement has failed to articulate any additional facts occurring <u>after</u> Mr. Olmedo's stop to support

LAW OFFICES OF PAUL D. PETRUZZI, P.A., 169 E. FLAGLER ST., SUITE 1241, MIAMI, FL 33131● (305) 373-6773; FACSIMILE: (305) 373-3832

his continued detention and the search of the interior of the truck he was driving. As a result, the fruits of this search and seizure must be suppressed.

Pursuant to Rule 88.9, L. R. S. D. Fla., undersigned counsel has discussed this motion with Assistant U.S. Attorney Sean Cronin. AUSA Cronin indicates the government opposes the relief requested herein.

-4-

LAW OFFICES OF PAUL D. PETRUZZI, P.A., 169 E. FLAGLER ST., SUITE 1241, MIAMI, FL 33131● (305) 373-6773; FACSIMILE: (305) 373-3832

WHEREFORE, the Defendant, Ricardo Olmedo, respectfully requests this Honorable Court to, and for such other and further relief as the court may deem just and proper.

Respectfully submitted,

LAW OFFICES OF PAUL D. PETRUZZI, P.A.
169 East Flagler Street
Suite 1241
Miami, FL 33131
Telephone: (305) 373-6773
Facsimile: (305) 373-3832
Email: petruzzi-law@msn.com

By:  /s/   Paul Petruzzi
PAUL D. PETRUZZI, ESQ.
Florida Bar No. 0982059

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2008, a true and correct copy of the foregoing was furnished by CM/ECF to Sean Cronin, Office of the U.S. Attorney, 99 NE 4th Street, Miami, Florida 33132.

By:  /s/   Paul Petruzzi
PAUL D. PETRUZZI, ESQ.
Attorney for Ricardo Olmedo