UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-20759-CR-JORDAN/MCALILEY

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RICARDO OLMEDO,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      The Defendant, Ricardo Olmedo, filed a Motion for Order Directing Former Trial

Counsel Paul Petruzzi and Benson Weintraub to Turnover Cash Payment Tendered by

Defendant to Defendant.  [DE 678].  Paul Petruzzi, Esq. and Benson Weintraub, Esq., filed

a response to the Motion [DE 679, 680], and the Defendant filed a reply [DE 689].  The

Honorable Adalberto Jordan referred the Motion to me for an evidentiary hearing, if

necessary, and report and recommendation.  [DE 681].

**1.    Procedural history**

      The Defendant was sentenced, on March 20, 2009, to a lengthy period of

incarceration, after entering a plea of guilty.  [DE 602, 642, 661].  He was represented

through sentencing by Messrs. Petruzzi and Weintraub.  [*See* DE 661].  Mr. Weintraub then

moved to withdraw as counsel, citing his tactical differences with the Defendant, and the

Court granted the motion.  [DE 638, 640].  The Defendant filed timely a Notice of Appeal

of his sentence, Eleventh Circuit Case No. 09-12397-DD. Mr. Petruzzi moved the Eleventh Circuit Court of Appeals to withdraw as appellate counsel. [*See* Motion to Withdraw as Counsel, dated August 12, 2009]. The Defendant did not oppose that motion, but for essentially the same reasons put forth in the Motion now pending before this Court, the Defendant asked the appellate court to order Mr. Petruzzi to return to the Defendant the legals fees he paid Mr. Petruzzi. [*See* Appellant's Response to Motion to Withdraw as Counsel for Appellant, dated August 31, 2009]. The Court of Appeals granted Mr. Petruzzi's motion to withdraw, but denied the Defendant's request for the return of his legal fees as "outside the scope of this appeal." [*See* Order on Motion to Withdraw as Retained Counsel, dated September 24, 2009]. The Defendant then filed the present Motion with this Court.

## 2.    The Motion

The Defendant brings this Motion *pro se*. He asks this Court to order Messrs. Petruzzi and Weintraub to return to the Defendant the money he paid to them in legal fees. The Defendant's chain of reasoning is as follows.

First, although he does not express his argument in precisely these terms, the Defendant essentially argues that his trial counsel possessed these legal fees unlawfully, and therefore they have no legal right to continue to claim ownership of the fees. According to the Defendant, he paid his trial counsel a total of $81,500, he did so in a series of cash installment payments, these funds were the "illegal proceeds he received from unlawful activities involving prescription drugs[,]" [DE 678, p. 2], he told his trial counsel of the

unlawful nature of these funds, and Mr. Petruzzi told the Defendant that he would declare only $10,000 of this income to the Internal Revenue Service.[1]

Next, the Defendant levels a series of complaints against his trial counsel, which can be summed up as the Defendant's belief that they were incompetent and did not effectively represent his interests, and that this led to his unjust conviction and sentence. Third, the Defendant reports that he needs the money he paid to his trial counsel returned to him, so that he can retain appellate counsel. And finally, in his reply, the Defendant notes that the government has not filed anything in response to the Defendant's Motion - in particular his accusation that his trial lawyers were paid with the proceeds of criminal activity - and the Defendant proposes this Court conclude that the government has waived any right it may have to claim those legal fees, thereby clearing the way for the return of that money to the Defendant. [DE 689, p. 4].

In a brief, summary, response Mr. Petruzzi states that the Defendant's claims that he has engaged in improper and illegal conduct are "not true and are demonstrably false." [DE 679, p. 3]. Mr. Weintraub simply adopted Mr. Petruzzi's response. [DE 680].

In his reply, the Defendant contends that this Court should hold an evidentiary hearing to resolve the factual disputes between the parties or, alternatively, this Court should grant the Defendant's Motion. [DE 689, p. 6].

---

[1] The Defendant is not clear about what monies were paid to Mr. Weintraub, but for the reasons expressed in this Report and Recommendation, it is not necessary to clarify this point.

3

3.    **Analysis**

Even if each of the Defendant's factual assertions were found to be true, he would not be entitled to the relief he seeks. Therefore, there is no purpose for this Court to hold an evidentiary hearing, and the Motion should be denied.

As noted, the Defendant offers a combination of four reasons why his trial counsel should return to the Defendant the legal fees he paid them: (1) those fees were the proceeds of unlawful activities which defense counsel are not entitled to retain, (2) his lawyers did a terrible job, and therefore they did not earn their fee, and (3) the government has waived any right it may have to the money, and (4) he needs the money to hire appellate counsel.

This Court is aware of no rule of criminal procedure, a statute or common law that would entitle the Defendant to have this Court order a return of his legal fees for any one, or combination, of these reasons. To begin, if Messrs. Petruzzi and or Weintraub did not competently represent the Defendant in this case (a matter about which this Court makes no finding), the Defendant might raise his complaints either on direct appeal or in a subsequent petition pursuant to 28 U.S.C. § 2255 (in a challenge to his conviction and or sentence), or he might possibly bring a civil malpractice action in state courts, to recover damages. The Defendant has cited no authority, and this Court is aware of none, that authorizes this Court at this juncture to inquire as to the competency of trial counsel and possibly order a return the Defendant's legal fees.

Similarly, if the Defendant paid his trial lawyers with money derived from the

4

Defendant's criminal activity (again, a matter about which this Court makes no finding), the Defendant has not cited this Court to any authority - and it knows of none - that would justify the return of those criminal proceeds to the Defendant. It would appear that the only party that might be entitled to these funds under these circumstances, would be the United States, pursuant to its forfeiture powers. The United States is a party to this action, has received the Defendant's Motion and reply, is familiar with this matter and the Defendant (apparently the Defendant has communicated with government officials in some effort to cooperate) and will make (or possibly has made) its own decision whether it wants to pursue the Defendant's allegations and seek forfeiture of the disputed funds. The government was not required to respond to the Motion, and this Court will not infer from its permissible silence here, that it has waived any forfeiture rights it may have. The bottom line is that the Defendant has no private right of action to recover the fees for himself.

Finally, if the Defendant does not have the financial means to hire private counsel, he may file a motion with this Court to ask for the appointment of appellate counsel. Upon receipt of such a motion, this Court would immediately hold a hearing, and inquire of the Defendant under oath about his finances, to determine whether he qualifies for the appointment of counsel.

## 4.    Conclusion

For the reasons given, this Court RECOMMENDS that the Defendant's Motion for Order Directing Former Trial Counsel Paul Petruzzi and Benson Weintraub to Turnover Cash

Payment Tendered by Defendant to Defendant [DE 678], be **DENIED**.

Pursuant to Magistrate Rule 4(a), the Defendant may file written objections to this Report and Recommendation with the Honorable Adalberto Jordan within **10 days** of the date of this Report and Recommendation.  Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 30th day of November, 2009.


CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE


cc:    The Honorable Adalberto Jordan
       All counsel of record
       Ricardo Olmedo, *pro se*
       FCI Miami
       P.O. Box 779800
       Miami, FL 33177-0200