UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-20759-CR-JORDAN

UNITED STATES OF AMERICA    )
                            )
vs.                         )
                            )
RICARDO OLMEDO              )
_____ )

### Order Adopting R&R in Part and Remanding Matter to Magistrate Judge

Currently pending is Mr. Olmedo's pro se motion for an order directing former trial counsel to turn over cash payments [D.E. 678]. Upon de novo review of the record, including Mr. Olmedo's objections [D.E. 699], I adopt Magistrate Judge McAliley's report and recommendation [D.E. 695], in part and vacate in part, and add the following.

1. I adopt that portion of the report concerning Mr. Olmedo's claim that the fees were paid with tainted money (i.e., narcotics proceeds). Assuming (without deciding) that Mr. Olmedo paid his attorney's legal fees with cash proceeds of narcotics activities, equity will not demand that those proceeds be returned to Mr. Olmedo at this time. Simply put, Mr. Olmedo does not have clean hands if his story is believed. Significantly, Mr. Olmedo has cited no authority for the proposition that a drug dealer who pays his attorney in tainted funds is entitled to return of those funds.

2. I vacate that portion of the report which rejects Mr. Olmedo's claim for a partial refund of the fees paid to counsel based on counsel's withdrawal during the appeal. Mr. Olmedo's argument, as I understand it, is that counsel did not earn all of the fees because they withdrew before they did any substantive work on appeal. It is true, as Magistrate Judge McAliley explained, that Mr. Olmedo could file a breach of contract claim against his attorneys and that he can move for court-appointed counsel if he does not have the means to hire private counsel. But federal courts have ancillary jurisdiction to address attorney fee disputes in criminal cases, as set forth in cases like *Garcia v. Teitler*, 443 F.3d 202, 207-09 (2nd Cir. 2006), and *United States v. Brunner*, 420 F.Supp.2d 206, 211-12 (S.D.N.Y. 2005). I express no view on whether Mr. Olmedo is entitled to recover any of the paid fees from his counsel, except to note that Mr. Olmedo's mere disagreement with his counsel's strategy does not mean that he is entitled to a refund of a portion of the fees. The matter is remanded to be analyzed by Magistrate Judge McAliley. Relevant issues on remand will

include determining what agreement Mr. Olmedo and his counsel entered into in exchange for the fees, what prompted counsel to move to withdraw in the Eleventh Circuit, whether there was a termination for cause or without cause, how much time his counsel expended in the district court proceedings, and whether quantum meruit principles kick in under cases like *Rosenberg v. Levin*, 409 So.2d 1016, 1020-21 (Fla. 1982) and *Searcy, Denney, Scarola, Barnhart & Shipley P.A. v. Poletz*, 652 So.2d 366, 369 (Fla. 1995).

DONE and ORDERED in chambers in Miami, Florida, this 24th day of December, 2009.

_____
Adalberto Jordan
United States District Judge

Copy to:   Magistrate Judge McAliley
All counsel of record
Ricardo Olmedo, pro se
FCI Miami
P. O. Box 779800
Miami, FL   33177-0200