UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-20759-CR-JORDAN/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICARDO OLMEDO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On November 30, 2009, I issued a Report and Recommendation to the Honorable Adalberto Jordan [DE 695], recommending that he deny Defendant Ricardo Olmedo's Motion for Order Directing Former Trial Counsel Paul Petruzzi and Benson Weintraub to Turnover Cash Payment Tendered by Defendant to Defendant [DE 678]. Mr. Olmedo filed objections to that Report and Recommendation, and in those objections raised an issue that he had not put forward in his initial motion. Specifically, he claimed that he had an agreement with his trial counsel, Paul Petruzzi, Esq. and Benson Weintraub, Esq., that they would not only represent him in the District Court, but that they would also represent him on appeal. [DE 699, p. 8-9]. Both attorneys had been permitted to withdraw from representing Mr. Olmedo on appeal. [DE 640; Eleventh Circuit Case No. 09-12397-DD, Order on Motion to Withdraw as Retained Counsel, dated September 24, 2009]. In his objections, Mr. Olmedo asked to be refunded legal fees he paid for appellate representation. [DE 699, p. 8-9].

Judge Jordan, in his Order Adopting R&R in Part and Remanding Matter to Magistrate Judge, referred to me the question whether Mr. Olmedo is entitled to a partial refund of legal fees. [DE 703]. In addressing this issue there are two levels of inquiry: 1) was there an oral contract to provide legal services on appeal, and if so 2) whether principles of quantum meruit would require a partial refund of legal fees to Mr. Olmedo. On March 5, 2010, I held an evidentiary hearing that was confined to the first inquiry. Messrs. Olmedo, Petruzzi and Weintraub testified at the hearing, and all parties agreed that the retainer agreement was not reduced to writing, but rather was an oral agreement between Mr. Olmedo and his two counsel.

After hearing from the parties at the March 5th hearing, I made findings of fact in open court, which are incorporated here. Among other things, I specifically found: (1) Messrs. Petruzzi's and Weintraub's testimony to be credible, as opposed to Mr. Olmedo's testimony, which I did not find credible; and (2) Messrs. Petruzzi and Weintraub contracted to provide legal services at the District Court level, and that contract did not include representation of Mr. Olmedo before the Court of Appeals, therefore they had no contractual obligation to provide legal services on appeal. Having found no oral contract for appellate representation, I further found no basis for a refund of legal fees paid to Messrs. Petruzzi and Weintraub. Because I made these findings, I did not need to reach the issues relating to quantum meruit that Judge Jordan listed in his order [DE 703].

For these reasons, and those given at the March 5th hearing, which are incorporated into this Report and Recommendation, this Court RECOMMENDS that Judge Jordan reject Mr. Olmedo's request for a partial refund of his legal fees, and that Mr. Olmedo's Motion for Order

Directing Former Trial Counsel Paul Petruzzi and Benson Weintraub to Turnover Cash Payment Tendered by Defendant to Defendant [DE 678], be **DENIED**.

Pursuant to Magistrate Rule 4(a), the Defendant may file written objections to this Report and Recommendation with the Honorable Adalberto Jordan within **14 days** of the date of this Report and Recommendation. Because this Report and Recommendation incorporates findings of fact and conclusions of law made in open court at the March 5, 2010 hearing, Defendant must file a transcript of that hearing with any objections. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. See *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 8th day of March, 20010.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Adalberto Jordan
      Gennaro Cariglio, Jr., Esq.
      Jayne Weintraub, Esq.
      AFPD Ayana N. Harris, Esq.