UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-20759-CR-JORDAN

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| RICARDO OLMEDO | ) |
| _____ | ) |

### ORDER

After a de novo review of the record, including the transcript of the evidentiary hearing [D.E. 748] and Mr. Olmedo's objections [D.E. 750], I adopt Magistrate Judge McAliley's report and recommendation [D.E. 747]. Accordingly, Mr. Olmedo's motion for a refund of fees purportedly paid for appellate representation [D.E. 699 at 8-9] is denied.

The only objection Mr. Olmedo raises is that Magistrate Judge McAliley improperly restricted the cross-examination of Mr. Pretruzzi and Mr. Weintraub and did not let his counsel question them about matters like the filing (or non-filing) of Forms 8300 (matters that he says would have gone to credibility). I do not find that objection persuasive. First, Mr. Olmedo's counsel was able to ask Mr. Petruzzi a lot of questions, including questions that went to his credibility. Second, Mr. Olmedo's counsel chose not to ask Mr. Weintraub any questions once Magistrate Judge McAliley ruled that certain areas were too tangential. Third, to the extent that Mr. Olmedo was asked about other criminal conduct (i.e., the over $1 million he made from the sale of illegal pharmaceuticals), that questioning was properly permitted because it showed that Mr. Olmedo lied about his financial situation to Pretrial Services and to the duty magistrate judge after his arrest, and suggested that he might be lying about financial matters again. Fourth, Magistrate Judge McAliley limited cross-examination of Mr. Olmedo himself, as she did for Mr. Petruzzi and Mr. Weintraub. For example, she sustained objections when Mr. Olmedo was asked questions about a polygraph, about whether his son followed in his footsteps, and about how Mr. Petruzzi forced him to plead guilty.

To the extent that there was any error in restricting the scope of cross-examination, any such error was harmless. Mr. Olmedo repeatedly testified that both Mr. Petruzzi and Mr. Weintraub agreed to represent him until the day he got out of jail, and Magistrate Judge McAliley

understandably did not find that testimony credible. Furthermore, Magistrate Judge McAliley found that the amounts paid by Mr. Olmedo (even if his figures were credited) were consistent with trial representation, and not with additional appellate representation. Finally, Mr. Olmedo had the burden of proof, and Magistrate Judge McAliley did not find him credible on the critical issues.

DONE and ORDERED in chambers in Miami, Florida, this 24th day of March, 2010.

*Adalberto Jordan*
Adalberto Jordan
United States District Judge

Copy to:   Magistrate Judge McAliley and all counsel of record